UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO,　　　　　　　　　　　　Case No. 1:09-cv-081
　　Plaintiff　　　　　　　　　　　　　　　Weber, J.

vs

ROBERT JASON ANDERSON,　　　　　　**ORDER**
　　Defendant

　　This matter is before the Court on defendant Robert Jason Anderson's complaint/Notice of Removal.[1] By separate Order issued this date, Mr. Anderson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint/Notice of Removal to determine whether the complaint/Notice of Removal, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, this matter must be remanded to the state court.

　　Mr. Anderson is a defendant in the Hamilton County, Ohio Court of Common Pleas who seeks to remove his pending criminal prosecution from the Court of Common Pleas to this federal court. In April 2008, Mr. Anderson was charged with two counts of nonsupport of dependents in violation of Ohio law. *See State of Ohio v. Robert J. Anderson*, Case Number B

---

[1] The face of Mr. Anderson's form complaint states, "Plaintiff is from original filing, but I (the defendant) am filing for removal to federal court." (Complaint at 1).

0802497 (Hamilton County, Ohio Court of Common Pleas).[2] He was arrested on June 5, 2008. Mr. Anderson pled not guilty to the charges and was subsequently released on bond. The state court's docket indicates his case has been scheduled for a jury trial on February 23, 2009.

On February 4, 2009, Mr. Anderson sought removal of his state criminal prosecution to this federal court. The complaint/Notice of Removal states, "State of Ohio issued a warrant for my arrest and held me 134 days in jail with no ability to defend myself, and breached almost all my civil rights. See attached." Attached to the complaint/Notice of Removal are several documents in which Mr. Anderson complains about the conditions of his confinement at the Hamilton County Justice Center. These include being denied access to the law library and social services, the need for a haircut, nail clippers, and razor, and being given wet and dirty sheets, among a litany of other grievances. As relief, he requests the Court to "uphold my civil rights."

To the extent Mr. Anderson seeks removal under 28 U.S.C. § 1443, which allows the removal of a criminal prosecution commenced in State court against any person who is denied or cannot enforce in the State courts a right under any law providing for the equal civil rights of citizens of the United States, his application for removal is untimely. Under 28 U.S.C. § 1446(c)(1), "A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." Here, the notice of removal was not filed

---

[2]Federal courts may take judicial notice of proceedings in other courts of record. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)(quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969), *cert. denied*, 397 U.S. 1065 (1970)).

2

within thirty days of Mr. Anderson's arraignment in State court[3] and Mr. Anderson has not demonstrated good cause for filing a late notice. Therefore, his removal is not timely and remand is appropriate.

Even assuming a timely notice, removal is not appropriate. While Section § 1443(1) allows a criminal prosecution commenced in state court to be removed to federal court, "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal citations omitted). In other words, Section 1443(1) is restricted to cases raising an issue of racial discrimination against the removing defendant. *Id. See also City of Greenwood v. Peacock*, 384 U.S. 808 (1966); *Georgia v. Rachel*, 384 U.S. 780 (1966); *Neal v. Wilson*, 112 F.3d 351 (8th Cir. 1997); *Commonwealth of Kentucky v. Franklin*, 70 F.3d 1271, 1995 WL 696905 (6th Cir. Nov. 20, 1995). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. Mr. Anderson asserts general claims that his constitutional rights were violated rather than specific claims of racial inequality. There is no indication from his documents that he contests his state criminal prosecution on the basis of racial inequality. Thus, the basis for removal in this case is deficient and the Court lacks jurisdiction over this case.[4]

To the extent Mr. Anderson may also be alleging civil rights claims pursuant to 42 U.S.C.

---

[3]Mr. Anderson was arraigned on June 6, 2008. *See* www.courtclerk.org/case_summary.asp?sec=history &casenumber=B0802497

[4]Section 1443(2) is inapplicable in the instant case as this subsection confers the privilege of removal only upon defendants who are federal officers or agents (first clause) or state officers (second clause). *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 and n.22 (1966).

3

§ 1983, his claims must be dismissed because the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976), *cert. denied*, 430 U.S. 946 (1977); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Nor has plaintiff sued a state official seeking prospective relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, plaintiff's claims for relief against the State of Ohio are **DISMISSED**.

It is hereby **ORDERED** that this case is **REMANDED** to the Hamilton County Court of Common Pleas.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth,*

114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 2/17/09

Herman J. Weber, Senior Judge
United States District Court